**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BEIJING DAYOU DINGXIN INVESTMENT MANAGEMENT PARTNERSHIP, L.P., *et al.*, | ) ) ) ) | CASE NO. 1:24-cv-137 |
| | ) | JUDGE CHARLES E. FLEMING |
| Petitioners, | ) ) | |
| v. | ) ) | |
| CHAN QIAN WANG, *et al.*, | ) ) | **ORDER** |
| Respondents. | ) | |

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2024, Petitioners, Beijing Dayou Dingxin Investment Management Partnership, L.P. and Suzhou Youtou Cornerstone Enterprise Management Center, L.P. filed a Petition to Recognize and Enforce a Foreign Arbitration Award (the "Petition") against Respondents Chan Qian Wang and Hao Zhou.  (ECF No. 1).  Petitioners sought enforcement of an August 18, 2022 arbitration award issued against Respondents by the China International Economic and Trade Arbitration Commission.  (*Id.* at PageID #6–9).

The Petition alleges the following facts relevant to the Petition and the underlying arbitration dispute: (i) Respondents are United States citizens and residents of Ohio; (ii) Petitioner and Respondents entered into a "Repurchase Agreement"; (iii) the Repurchase Agreement reflected that Petitioners had invested in and became shareholders of ZUGA Medical, Inc. ("ZUGA"); (iv) the parties anticipated a reorganization of ZUGA and the Repurchase Agreement provided for Respondents to make a lump sum payment of 15 million Chinese Yuan to Petitioners if certain conditions were satisfied; (v) the reorganization was finalized and the relevant conditions were satisfied but Respondents failed to fulfill their obligations and pay the lump sum to

1

Petitioners; and (vi) after attempts to resolve the issue failed, Petitioners submitted the dispute to the China International Economic and Trade Arbitration Commission.  (*Id.* at PageID #2–6).

On April 16, 2024, Respondent Wang filed a Notice of Automatic Stay in Bankruptcy, informing the Court of the pendency of Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Ohio and a corresponding automatic stay pursuant to 11 U.S.C. § 362.  (ECF No. 13).  On April 25, 2024, Respondent Hao Zhou filed a *pro se* letter entitled "Answer to Summons In A Civil Action."  (ECF No 14).  Zhou stated that: (i) the Court lacked personal jurisdiction over him; and (ii) the instant petition to enforce an arbitration award was premature.  (*Id.*).  In light of Respondents' filings, the Court issued an order setting forth a briefing schedule for Petitioners to file responses to Respondent Wang's notice and Respondent Zhou's Answer, and for Respondents to file any corresponding replies.  (ECF No. 15).

On May 27, 2024, Petitioners filed their Response to Respondent Wang's Notice of Automatic Stay in Bankruptcy.  (ECF No. 16).  The same day, Petitioners filed their Response to Respondent Zhou's Answer.  (ECF No. 17).  On July 1, 2024, Respondent Zhou filed a reply. (ECF No. 19).

## II.     DISCUSSION

### A.     Notice of Bankruptcy and the Automatic Stay

Petitioners concede that the automatic stay applies to Respondent Wang.  (*Id.* at PageID #119).  They further argue that the automatic stay does not apply to Respondent Zhou because: (i) automatic stays are extended to non-bankrupt codefendants only in rare circumstances that do not exist in this case; and (ii) Respondent Zhou is jointly and severally liable for the full amount of the arbitration award resulting from his breaches of the underlying contract.  (*Id.* at PageID #119–21).  Respondents did not file any reply or arguments concerning this issue.

2

The Notice of Automatic Stay in Bankruptcy confirms that Respondent Wang commenced Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Ohio on April 15, 2024.  (ECF No. 13; ECF No. 13-1).  The parties do not dispute that the automatic stay applies to Respondent Wang and no party has presented arguments that the automatic stay should be extended to Respondent Zhou.  The Sixth Circuit has established that the automatic stay provision under 11 U.S.C. § 362 may be extended to non-debtors in "unusual circumstances."  *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 314 (6th Cir. 2000) (quoting *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 861 (6th Cir. 1992)).  But absent unusual circumstances, the stay "does not extend . . . to separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation."  *Id.* (quoting *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993)).

Here, no evidence of "unusual circumstances" has been presented to justify extending the automatic stay to Respondent Zhou.  Petitioners contend, with no opposition, that Respondent Zhou is independently liable, jointly and severally, for the full amount of the arbitration award.  Even if unusual circumstances were established, the bankruptcy court would need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105 before the Court could issue a stay as to Respondent Zhou.  *See Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993).  That has not occurred.  Accordingly, the automatic bankruptcy stay applies solely to Respondent Wang.

### B.  Personal Jurisdiction as to Respondent Zhou

In his answer, Respondent Zhou objects to personal jurisdiction because: (i) he moved out of Ohio in May 2023 and now resides in California; and (ii) he currently has no business or employment in Ohio.  (ECF No. 6).  In response, Petitioners argue that personal jurisdiction is proper and comports with the requirements of due process and Ohio's long-arm statute because

3

Respondent Zhou: (i) transacted business in Ohio that gave rise to the underlying arbitration dispute and Petitioner's claim to enforce the arbitration award; (ii) breached the Repurchase Agreement in Ohio and engaged in  conduct in his capacity as an officer for an Ohio-based corporation (ZUGA); and (iii) resided in Ohio during the pendency of the arbitration and breach of contract underlying the instant proceeding.  (ECF No. 17, PageID #124–25).  Respondent Zhou's reply does not address the issue of personal jurisdiction.  (ECF No. 19).

Fed. R. Civ. P. 12(b)(2) provides for the dismissal of a complaint based on a lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists."  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887–88 (6th Cir. 2002)).  However, courts review a motion to dismiss for lack of personal jurisdiction under a burden-shifting framework: (i) first, the plaintiff makes a *prima facie* case for personal jurisdiction, which can be done solely through the complaint; (ii) if plaintiff makes a *prima facie* case, the burden shifts to the defendant, who must support its motion to dismiss with evidence; and (iii) if defendant sufficiently supports its motion to dismiss, the burden shifts back to the plaintiff "who may no longer stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."  *Peters Broad. Eng'g, Inc. v. 24 Capital, LLC*, 40 F.4th 432, 437–38 (6th Cir. 2022) (citing *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020)) (internal quotations marks omitted); *see also Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ("[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.").

To the extent that Respondent Zhou was requesting dismissal of this action for lack of personal jurisdiction, the Court finds his arguments unpersuasive.  Petitioners have made a *prima facie* case for personal jurisdiction over Respondent Zhou.  Petitioners contend that Respondent Zhou, during the times relevant to the underlying arbitration dispute, was a resident of Ohio, conducted business in Ohio as an executive of an Ohio-based corporation, and took actions relevant to the arbitration dispute in Ohio.[1]  Respondent Zhou does not dispute these allegations, but merely contends that there is no personal jurisdiction because he moved from Ohio to California in May 2023 and he has not conducted business in Ohio since March 2023.  (ECF No. 14, PageID #114).  Respondent Zhou does not address personal jurisdiction in his reply and has provided no evidence to support his contention that the Court lacks personal jurisdiction.  Accordingly, the Court **DENIES** Respondent Zhou's request to dismiss for lack of personal jurisdiction.

### C.  Premature Arbitration Enforcement

Respondent Zhou argues that the Petition is premature because Respondent Wang has a pending appeal of the arbitration award in a Chinese court.  (ECF No. 6).  In response, Petitioners argue that Respondent Zhou has provided no evidence to support this assertion and states that they are not aware of any pending proceeding concerning the validity of the arbitration award.  (ECF No. 17, PageID #125).  They further contend that the arbitration award is valid and final because Chinese law required the parties to submit a request to set aside the award to the court within six months of receiving the award and that time period has lapsed without any such request being filed.  (*Id.* at PageID #125–26).  Respondent Zhou's reply provides screenshots and translations of

---

[1] Petitioners also provide evidence confirming that Respondent Zhou was President of ZUGA, an Ohio corporation with its principal office in Ohio, and he had maintained an office in Chagrin Falls, Ohio.  (ECF No. 17-2, PageID #130–33, 151).

a text conversation between Respondent Wang and her lawyer, which he argues demonstrate that there is a pending, timely appeal of the arbitration award.  (ECF No. 19; ECF No. 19-1).

The Court finds Respondent Zhou's argument unpersuasive.  First, he does not provide any official court documentation to establish any ongoing or pending proceedings in a Chinese court concerning the propriety of the relevant arbitration agreement.  Second, the text conversation, by itself, is insufficient to establish the existence of such proceedings.  In fact, the text conversation undercuts Respondent Zhou's argument.  He asserts that Respondent Wang filed an appeal of the arbitration award on January 22, 2024, which he contends was "within six months of receiving the award judgment."  (ECF No. 19, PageID #154).  But such an appeal would have been untimely because the arbitration award was issued on August 18, 2022, more than a year and five months before the appeal was purportedly filed.  (*See* ECF No. 1, PageID #2, 6–8; ECF No. 1-1, PageID #63).  Moreover, the text conversation explicitly states that the alleged January 22, 2024 appeal had not been "officially filed" by the dates of messages sent on March 12, 2024 and June 26, 2024.  (*See* ECF No. 19-1, PageID #156–57).  The text conversation does not otherwise confirm the pendency of a timely appeal or provide information to allow the Court to verify such an allegation.  Thus, Respondent Zhou has failed to establish there is a timely appeal from the arbitration award or provide sufficient justification for staying the instant case on such grounds.  Accordingly, Respondent Zhou's request to stay the proceedings is **DENIED WITHOUT PREJUDICE.**

## III.    CONCLUSION

For the foregoing reasons, the Court rules as follows:

1.  The case is **STAYED** as to Respondent Wang pursuant to 11 U.S.C. § 362(a).  Petitioners and Respondent Wang shall file a joint status report regarding the bankruptcy proceedings within 90 days of this Order or within 10 days of any event triggering termination of the

automatic stay;

2.  Respondent Zhou's request to dismiss for lack of personal jurisdiction is **DENIED**; and

3.  Respondent Zhou's request to stay the proceedings is **DENIED WITHOUT PREJUDICE** to the filing of a motion that establishes the arbitration award has been rendered non-final and is supported by proper documentation.

   **IT IS SO ORDERED.**

Dated: July 9, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**